UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **STEVEN CIOTTA,** | No. LA CV 19-03344-VBF (AS) |
| Petitioner, | **ORDER** |
| v. | Dismissing Petition Without Prejudice; |
| | Directing Entry of Separate Judgment; |
| S. FRAUENHEIM, | Terminating the Case (JS-6) |
| Respondent. | |

**BACKGROUND.** On April 25, 2019, Steven Ciotta ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1). Petitioner appears to be challenging the sentence he received for 1988 convictions in the Los Angeles County Superior Court (Case No. A575551): two terms of 25 years to life without parole, plus a concurrent term of 7 years to life, plus a concurrent term of 3 years (see Petition at 2). Although Petitioner's allegations are mostly unintelligible, the sole discernible claim alleged

in the Petition is that Petitioner is being held in custody in violation of the the United States Constitution, the California Constitution, and California laws. (See Petition at 5, Memorandum of Points and Authorities at 2-34). Although Petitioner attempts to characterize his claim as a parole-related claim, it appears that his claim is actually a challenge to his sentence.

On December 11, 2012, Petitioner filed a Petition for Writ of Habeas Corpus, challenging the same convictions. See Steven Ciotta v. K. Holland, Case No. CV 12-10593-GHK (AS); Docket Entry No. 1 ("prior habeas action"). On June 17, 2014, the district court issued an Order and Judgment denying that habeas petition and dismissing the petition with prejudice based on its untimeliness, in accordance with the findings and conclusions of the Magistrate Judge. (Id.; Docket Entry Nos. 52-53). On the same date, the district court denied Petitioner a Certificate of Appealability. (Id.; Docket Entry No. 54). On January 15, 2015, the Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability. (Id.; Docket Entry No. 59).

On August 14, 2015, the district court denied Petitioner's Motion for Relief from Judgment. (Id.; Docket Entry No. 66). On September 25, 2015, the district court denied Petitioner's motion for issuance of a Certificate of Appealability in connection with his appeal of the Court's August 14, 2015 Order. (Id.; Docket Entry No. 69). On November 3, 2015, the Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability concerning the district court's August 14, 2015 denial of Petitioner's Motion for Relief from Judgment. (Id.; Docket Entry NO. 72).

On March 23, 2016, following the Ninth Circuit Court of Appeals' remand to the district court for the limited purpose of granting or denying a certificate of appealability from the denial of Petitioner's motion for leave to file an amended complaint (id.; Docket Entry No. 73), the district court issued an order denying a

Certificate of Appealabilty. (Id.; Docket Entry No. 74). On May 19, 2016, the Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability. (Id.; Docket Entry No. 75).

Beginning on February 23, 2017, and continuing to March 20, 2019, Petitioner filed four additional Motions for Relief from Judgment (Id.; Docket Entry Nos. 80, 89, 100, 107). The district court denied these motions and issued orders denying Petitioner a certificate of appealability as to each denial. (Id.; Docket Entry No. 82, 86, 90, 92, 102-03, 108-09). The Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability concerning the district court's orders denying Petitioner's motions (Id.; Docket Entry No. 88, 95, 106).

On October 26, 2018, Petitioner filed a Petition for Writ of Habeas Corpus, challenging the same convictions. See Steven Ciotta v. S. Frauenheim, Case No. CV 18-09213-VBF (AS); Docket Entry No. 1. On November 8, 2018, the district court issued an Order and Judgment dismissing that habeas petition without prejudice to refiling it after Petitioner obtains permission from the Ninth Circuit Court of Appeals to file a second or successive petition, and referred that habeas petition to the Ninth Circuit Court of Appeals as an application for leave to file a second or successive petition. (Id., Docket Nos. 4-5). On the same date, the district court denied Petitioner a Certificate of Appealability. (Id.; Docket No. 6).

**ANALYSIS.** The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

3

|   |   |   |   |
|---|---|---|---|
| | (2) | | A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-- |
| | | (A) | the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or |
| | | (B)(I) | the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and |
| | | (ii) | the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. |
| | (3) | (A) | Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. |
| | | (B) | A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals. |
| | © | | The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection. |

* * *

Title 28 U.S.C. § 2244(b)(3). This part of the AEDPA statute "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant Petition and the prior habeas action both challenge Petitioner's custody pursuant to the same 1988 judgment entered by the Los Angeles County

4

Superior Court. Accordingly, the instant Petition, filed on April 25, 2019, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claim asserted in the instant Petition does not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claim is not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001).

However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, supra.

## ORDER

The habeas corpus petition is **DISMISSED without prejudice a**s an unauthorized second-or-successive habeas corpus petition.

Judgment will be entered consistent with this Order. As required by Fed. R. Civ. P. 58(a), judgment will be entered as a separate document.

The Court will rule on a certificate of appealability by separate Order.

This case shall be **TERMINATED (JS-6)**.

Date: July 17, 2019

*Valerie Baker Fairbank*
_____
Hon. VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE